1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   JONATHAN GROVEMAN,                 No. 2:24-cv-01421 WBS AC

13             Plaintiff,

14        v.                            ORDER RE: PLAINTIFF'S MOTION
                                        TO AMEND JUDGMENT[1]
15   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, MICHAEL V. DRAKE,
16   GARY S. MAY, MARY CROUGHAN,
     RENETTA GARRISON TULL, CLARE
17   SHINNERL, PABLO REGUERIN, and
     DOES 1-10,
18
              Defendants.
19

20                          ----oo0oo----

21             Plaintiff Jonathan Groveman brought this action

22   against defendants Regents of the University of California,

23   Michael Drake, Gary May, Mary Croughan, Renetta Garrison Tull,

24   Clare Shinnerl, and Pablo Reguerin, alleging federal civil rights

25   violations under 42 U.S.C. § 1983; Title VI of the Civil Rights

26

27        ───────────────────
               [1]    The motion is decided on the papers without oral
28   argument pursuant to Local Rule 230(g).  The scheduled April 14,
     2025 hearing on the motion is hereby VACATED.

                                   1

1   Act of 1964, 42 U.S.C. § 2000d et seq.; and Title II of the

2   Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

3   Plaintiff alleges that defendants allowed a pro-Palestine protest

4   encampment to be established on campus and therefore are

5   responsible for the conduct of encampment participants who

6   excluded plaintiff from the encampment on the basis of his Jewish

7   identity and disability.  (First Am. Compl. (Docket No. 24).)

8          On February 4, 2025, the court dismissed the First

9   Amended Complaint.  (See Order Dismissing FAC (Docket No. 43).)

10  Plaintiff now timely moves the court to amend the judgment under

11  Federal Rule of Civil Procedure 59 by "revoking its order of

12  dismissal" (see Docket No. 45 at 1) and seeks permission to file

13  an amended complaint (see Proposed Second Am. Compl. (Docket No.

14  45 at 5-32)).[2]

15         Rule 59(e) allows a party to file a "motion to alter or

16  amend a judgment" within 28 days from entry of the judgment.

17  Banister v. Davis, 590 U.S. 504, 507 (2020) (quoting Fed. R. Civ.

18  P. 59(e)).  "The Rule gives a district court the chance 'to

19  rectify its own mistakes in the period immediately following' its

20  decision."  Id. at 508 (quoting White v. N.H. Dept. of Emp. Sec.,

21  455 U.S. 445, 450 (1982)).  "Since specific grounds for a motion

22  to amend or alter are not listed in the rule, the district court

23  enjoys considerable discretion in granting or denying the

24  motion."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th

25

26        [2]    Plaintiff characterizes his motion as one for a "new
    trial."  See Fed. R. Civ. P. 59(d).  However, no trial has
27  occurred, as the court's judgment followed its grant of a motion
    to dismiss.  The court therefore construes the motion as one to
28  amend the judgment under Rule 59(e).

1  Cir. 2011) (internal quotation marks omitted).  "A district court

2  may grant a Rule 59(e) motion if it 'is presented with newly

3  discovered evidence, committed clear error, or if there is an

4  intervening change in the controlling law.'"  Kaufmann v.

5  Kijakazi, 32 F.4th 843, 850 (9th Cir. 2022) (quoting Wood v.

6  Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014)).

7          Plaintiff contends that the court committed clear error

8  by dismissing his complaint without leave to amend.  There was no

9  error.  As the court held in its dismissal order, and as is

10  confirmed by plaintiff's present motion, any amendment to the

11  complaint would be futile.  (See Order Dismissing FAC at 12

12  (citing Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th

13  Cir. 2017).)  To allow the filing of the Proposed Second Amended

14  Complaint submitted with plaintiff's present motion would not

15  salvage any of plaintiff's claims.

16          The new allegations in support of plaintiff's claims

17  brought under 42 U.S.C. § 1983 pursuant to the Equal Protection

18  and Free Exercise clauses do not save those claims, as they still

19  fail to draw a sufficient connection between defendants' actions

20  or inactions and the specific harms committed by the protestors.

21  Nor do they do anything to defeat qualified immunity, as they

22  fail to allege violations of clearly established law.

23          The newly proposed allegations to the effect that

24  plaintiff "has been welcomed as a member of the UC Davis

25  community," "views the UC Davis as the cultural center of his

26  life," and "recently attended the UC Davis women's basketball

27  game against Long Beach last March" (Proposed SAC ¶¶ 21, 55) do

28  nothing to establish that plaintiff was participating in a

1   federally funded program at the time of the alleged incident.

2   Thus, they do not cure the fact that plaintiff lacks statutory

3   standing on his Title VI claim.

4           Finally, the proposed amendments to plaintiff's claim

5   under the Americans With Disabilities Act still fail to identify

6   any destination on campus, other than the path the encampment

7   itself was located on, that plaintiff was prevented from

8   reaching.  The inaccessibility of a single path does not

9   constitute "inaccessibility at a programmatic level" as required

10  for a violation of Title II of the ADA.  See Kirola v. City &

11  Cnty. of San Francisco, 860 F.3d 1164, 1183 (9th Cir. 2017)

12  (emphasis added).

13          For these reasons, plaintiff's Proposed Second Amended

14  Complaint still fails to state a cognizable claim under federal

15  law.  The court's previous finding of futility was thus not

16  erroneous.  To allow this meritless suit to go forward would do a

17  disservice to those students and faculty who may have actually

18  suffered deprivations of their civil rights at the hands of the

19  pro-Palestine demonstrators on the university campus.  See, e.g.,

20  Frankel v. Regents of Univ. of Cal., No. 2:24-cv-04702 MCS PD,

21  2024 WL 3811250 (C.D. Cal. Aug. 13, 2024); Kestenbaum v.

22  President & Fellows of Harvard Coll., 743 F. Supp. 3d 297 (D.

23  Mass. 2024).

24          IT IS THEREFORE ORDERED that plaintiff's motion to

25  amend the judgment (Docket No. 45) be, and the same hereby is,

26  DENIED.

27  Dated:  April 10, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4